UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLES A.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00412-MJD-JRS |
| | ) | |
| ANDREW M. SAUL, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Claimant Charles A. applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") from the Social Security Administration ("SSA") on March 31, 2017, alleging an onset date of April 6, 2017. [Dkt. 12-3 at 2, 19.] His applications were initially denied on November 8, 2017, [Dkt. 12-4 at 2, 6], and denied again upon reconsideration on March 16, 2018, [Dkt. 12-4 at 17, 24]. Administrative Law Judge Edward Kristof (the "ALJ") conducted a hearing on June 5, 2019. [Dkt. 12-2 at 37.] The ALJ issued a decision on August 23, 2019, concluding that Claimant was not entitled to benefits. [Dkt. 12-2 at 19.] The Appeals Council denied review on June 10, 2020. [Dkt. 12-2 at 2.] On August 7, 2020, Claimant timely filed this civil action asking the Court to review the denial of benefits pursuant to 42 U.S.C. § 405(g). [Dkt. 1.]

---

[1] In an attempt to protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

# I. STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits . . . to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second, it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must accord the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (internal quotation marks and citation omitted).

# II. DISCUSSION

Claimant's counsel, Tomas Newlin, has filed a brief in support of Claimant's Complaint in which he identifies four issues for review, all of which relate to Claimant's irritable bowel syndrome, which the ALJ did not find to be severe. Unfortunately, Mr. Newlin fails to adequately develop his arguments. While his brief is twelve pages long, the "argument" section spans less than two pages; it reads, in its entirety, as follows:

1. The ALJ Erred at Step Two.

The ALJ erred in his determination of Plaintiff's severe impairments when he failed to determine irritable bowel syndrome as severe. "An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities" (NOD, p. 6). Plaintiff, as established by the evidence, has a history of irritable bowel symptoms with diarrhea and cramping, and a noted 10-12 bowel movements per day in March of 2017, with a noted weight loss of 14 pounds over the past few days at an emergency department visit for abdominal pain, vomiting and diarrhea in April of this same year. He was hospitalized for the same in July of 2017, in which an unintentional weight loss of 40 pounds within the past 4-12 months was noted with a weight of 156.74 pounds and a BMI of 21.9. By August of this same year, Plaintiff was reporting weakness and significant weight loss, resulting in having been forced to quit two jobs due to accidents at work. In January of 2018, Plaintiff reported a ten-pound weight loss since December of 2017, with five to six bowel movements per day, weakness and malaise, and a current weight of 148.2 and a BMI of 20.66 (23F, p. 22).

2. Error at Step Three.

An error of law exists when there has been "misinterpretation or misapplication of, or failure to consider, pertinent provisions of, regulations, and binding agency policies" (5 U.S.C. § 552(a)(2)). "Binding Agency Policies" are "generally available at Social Security rulings, but also may be available in some other form when they have been identified pursuant to 5 U.S.C. § 552(a)(2) as statements of policy and interpretation which have been adopted as binding by the Commissioner of Social Security" (SSR 82-13). Furthermore, the decision is not supported by substantial evidence, which is, "the amount of evidence which, while it may not be preponderance, nevertheless is sufficient to convince a reasonable mind of validity of a position taken on an issue" (Id.). In light of the errors at Step Two, the ALJ's Step Three determination that claimant did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment is flawed, as it failed to consider the combined effects of irritable bowel syndrome with significant weight loss and weakness with the lumbar and mental health impairments, a combination of which may warrant medical equivalency.

3. The ALJ's RFC is Unsupported.

Based on the errors at Step 2 and 3, the ALJ's RFC is incomplete, as it failed to include limitations based on Plaintiff's significant weight loss with weakness and fatigue and his report of job loss due to such.

> 4. The ALJ's Ultimate Decision is Unsupported.
>
> As a result of errors as set forth above, the ALJ's ultimate decision is not supported by substantial evidence. Accordingly, this matter should be reversed or remanded for further administrative proceedings consistent with Agency regulations, policy, and applicable precedent.

[Dkt. 14 at 9-11.] Mr. Newlin also filed a reply brief on behalf of Claimant, [Dkt. 18], which contains similarly scant "arguments" without analysis or citation to applicable authority.

With regard to Claimant's first argument, "Step two is merely a threshold inquiry; so long as one of a claimant's limitations is found to be severe, error at that step is harmless." *Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019) (citing *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012)). This is because "[e]ither way, the ALJ must later consider the limitations imposed by all impairments, severe and non-severe." *Id.* (citing 20 C.F.R. § 404.1523; *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010)). Here, Claimant makes no cogent argument with regard to any of the subsequent steps of the ALJ's analysis. Claimant does not articulate how his combined impairments meet or equal a Listing; indeed, he does not even identify which Listing(s) he believes are relevant. His other "arguments" are not arguments at all, but merely conclusions.

"It is not this court's responsibility to research and construct the parties' arguments." *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011); *see also Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). Claimants in social security disability cases are subject to waiver the same as plaintiffs in other civil cases. *See, e.g.*, *Krell v. Saul*, 931 F.3d 582, 587 n.1 (7th Cir. 2019) (finding "brief and underdeveloped" argument waived); *Hall v. Berryhill*, 906 F.3d 640, 644 (7th Cir. 2018) (finding "perfunctory and undeveloped" argument waived) (citing *Crespo v. Colvin*, 824 F.3d 667, 674

4

[(7th Cir. 2016)](#)); *Imse v. Berryhill*, [752 F. App'x 358, 363 (7th Cir. 2018)](#) (same). Indeed, the Court notes that Mr. Newlin has been found to have waived arguments in numerous other cases, including another case decided by this Court today. *See, James M. v. Saul*, 2:20-cv-00183-MJD-JPH; *see also* [*Herman C. v. Saul*, 2020 WL 5752436, at *7 (S.D. Ind. Sept. 2, 2020)](#), *report and recommendation adopted sub nom.* [*Collins v. Saul*, 2020 WL 5653476 (S.D. Ind. Sept. 22, 2020)](#) ("At the outset, the Court notes that many of the Plaintiff's arguments for remand are both undeveloped and unclear. It is not for this Court to develop the Plaintiff's arguments or comb through the record to find support.") (citations omitted); [*William W. v. Saul*, 2020 WL 5493932, at *9 (S.D. Ind. Mar. 25, 2020)](#) (same); *Erick H. v. Saul*, 2:19-cv-00163-MJD-JPH (S.D. Ind. Feb. 14, 2020) ("The Court declines to reach any of Claimant's arguments because they have been waived. "); [*Mary S. v. Saul*, 2019 WL 7583658, at *2 (S.D. Ind. Dec. 26, 2019)](#), *report and recommendation adopted sub nom.* [*Schwartz v. Saul*, 2020 WL 224669 (S.D. Ind. Jan. 15, 2020)](#) ("Plaintiff raises no challenges to the evidence cited regarding this or any other specific listing analyzed. . . . Thus, any potential argument regarding that evidence is effectively waived."); [*Nicholas D. v. Saul*, 2019 WL 2635896, at *4 (S.D. Ind. June 26, 2019)](#) ("The Plaintiff fails articulate any cogent argument on Step 3.").

In this case, Mr. Newlin has done no more than identify issues and state conclusions. He has not sufficiently developed any argument that would require remand of this case, and therefore he has waived any argument that could have been made.

## III. CONCLUSION

Because Claimant has failed to develop any argument that would support a finding of reversible error by the ALJ, the Commissioner's decision is **AFFIRMED**.

SO ORDERED.

Dated: 7 JUL 2021

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.